23-7-4 Good morning. May it please the court. My name is David Ndziska and I represent appellant plaintiff Ames Ray who has asserted three claims against defendants. Basically this appeal boils down to one central issue. Should the court exclude defendants defense that they had in fact advised Mr. Ray that he should consult additional counsel to advise him on the conflicts of interest that existed between the parties throughout the prosecution of the second fraudulent conveyance lawsuit. Defendants only first raised this defense on defendant John Balestriere's direct testimony at trial and failed to raise it prior to trial or in any of their briefings including most relevantly defendant's opposition brief to Mr. Ray's motion for summary judgment on his breach of fiduciary duty claim where they could have easily submitted an affidavit from defendant Balestriere stating such. As a threshold matter, contrary to defendant's contention, Mr. Ray has not waived his right to challenge the jury's verdict by virtue of his failure to file a post verdict Rule 56B, Rule 50B motion. Just recently in 2023, the Supreme Court in Dupree v. Younger held that a party does not waive its right to challenge a jury's verdict where it is based on a question of law. As this court found in Rothstein v. Carrier, a 2004 case, the admissibility of evidence is a question of law that can be challenged even when a party has failed to file a Rule 50B motion. Other circuits such as the Seventh Circuit in Fusting v. Zimmer, a 2006 case, have held the same. To that end, Mr. Ray has simply not waived his right to seek the exclusion of defendant Balestriere's direct testimony because he did not explicitly object to it at trial. As this court held in Luria Brothers and Company, a party's failure to object to a witness's trial testimony pertaining to a newly raised affirmative defense does not necessarily bar him from excluding its admission. How is this an affirmative defense though? That's an excellent question. I think we'd all agree about what constitutes a defense and an affirmative defense can be quite hazy. As this court in a state v. Wait, let me just stop you with that. I don't know that I would agree with that. Affirmative defense is delineated. What's the affirmative defense here? They're giving factual testimony about the explanation for what occurred, but I don't see how that's an affirmative defense. They're making an affirmative argument that they were not necessarily obligated to make, namely that they indeed advised Ray to seek alternate counsel on the sanctions issue, not that conflicts of interest did not exist between the parties or that they did not have a fiduciary relationship with the plaintiffs. Okay, but what's the, yes, they're making an affirmative argument, but what is the affirmative defense? The affirmative defense, what's the name of the affirmative defense that you're saying that they're trying to put forward? Right, so just to quote the State of Hamilton v. City of New York, because I think that gets to your point, 2010 Second Circuit case, they say, Rule 8C identifies 19 separate affirmative defenses, but this is not an exhaustive list, and courts have struggled with identifying precisely what else constitutes an avoidance or affirmative defense. And in Garanti v. Financial Keralama, a 2012 Second Circuit case, this court recognized this exact tension of what constitutes an affirmative defense or not when ruling that the issue of whether a party was bound to a contract because another party had acted as its agent was an affirmative defense, even though, quote, in their words, agency is usually an element of the plaintiff's case in chief. So I guess my point is, even though this doesn't fall under one of the 19 listed affirmative defenses, that doesn't necessarily mean it's not an affirmative defense. And the 19 defenses are not meant to be an exhaustive list. All right, I could be open to that, but then what is the actual defense that's at issue here, and what's the support for it? Is there some case law that points to something that suggests this is an affirmative defense even if it hasn't been officially labeled as such? As I was saying, the defendants here, they're not arguing that, I don't know, a conflict of interest did not exist between the parties or that they did not have a fiduciary relationship with the parties. Rather, they're saying, and as I said, they could have brought this up numerous times. They only brought it up directly at trial, and rather they are saying, hey, we actually advised Mr. Ray that he should consult outside counsel on the sanctions issue. Should I continue? And just to briefly address, defendants try to argue, as I was saying, that they should, that the fact that my client did not object at trial to defendant Boucher's direct testimony, that necessarily precludes us from raising this issue here. And as I was saying, I just quote Luria Brothers v. Alliance Assurance, where even though a party did not object to it at trial- You're not precluded from making the argument. It's just subject to a much stricter standard of review. I understand. Plain error. I understand. I understand. So why is this plain error? As I was saying, in Luria Brothers, the court said just because you fail to object to it at trial does not mean it, it's not just precluded, but I believe they used the language of, they allowed the party to object. And under the normal, I guess, what, plain error standard. And the reason is, is because- That's the standard that we are applying to this particular challenge here. Yes. Okay. So where is the plain error, is what I think- Oh, that the court should have excluded that direct testimony, because it was only first raised at trial. He had ample opportunity to raise this defense. Ample. We move for it- We're going to assume that he could have raised it. And if you could say, assuming that we do that, what was the plain error? Allowing this testimony to go before the jury. Because this should have been raised, this could have been raised before, and it was only sprung on us at the trial. So it should not have been allowed to go to the jury. He should not have been allowed to testify about it. And this was a defense, this was a key affirmative defense that they only sprung on us at the last second, at direct testimony. And quite frankly, the reason why I didn't object to it at the moment, I was gobsmacked that he said it.  Usually, just as a former trial attorney, when you're gobsmacked by someone, you object. Yes, yes, I understand, but that- Let's hear from your friend on the other side, and you've reserved some time for rebuttal. Thank you. Good almost afternoon, Your Honors. Good morning. For another moment, it seems. Matthew Schmidt Balistrieri-Fariello for Defendant Appellees Balistrieri-Fariello and John Balistrieri. First of all, despite what Mr. Nziska said, this was not raised for the first time on direct examination. Mr. Nziska had opened the issue on his opening statements. It was a statement, right? Yes. It was Appendix, I believe- 572. Exactly. And he said, basically, this case boils down to one sentence. This all could have been averted. All defendants needed to do was advise my client that he should retain an additional attorney. Then three lines later, that's it. Had the defendants done that, it's very unlikely we'd be here in this courtroom. So, Mr. Nziska had opened the door to this evidence. And other than that, I think Judge Lee's questions really go to the heart of this, that affirmative defenses are, as I've always understood it and have seen from both my research and Mr. Nziska's cases, concern specific delineated defenses, which are not the case here. To adopt the rule that appellant would seek here would require, it seems, any evidence to be pleaded as an affirmative defense, which is not the rule and would not be workable in this situation. As was discussed during his argument, there was no objection. He had the opportunity to cross-examine Mr. Balistrieri on this point of the discussion. And in truth, this is just an attempt to reframe a sufficiency of the evidence argument as an affirmative defense. And there was sufficient evidence to reach all of the jury's verdict on this issue. And Judge Lahr, as you said in an earlier argument today, where there is any ambiguity that is something for the jury to decide. So, the evidence was properly admitted and there was no reason that it should have been excluded or any reason to overturn anything that was decided by Judge Rochon. And given the limited scope of Mr. Nziska's argument, unless the panel has any further questions, I would rest on my briefs. Thank you so much. We'll hear from both. Thank you. I just also just want to briefly address the account stated claim. As my client, when he, my client on the phone call, I think this is undisputed, when Mr. Balistrieri pressed him about whether he was going to pay the outstanding invoice, he replied, I'm telling you nothing about invoices. I don't want to talk to you about invoices. I'll only talk about the February court filing. And we submit, based on case law such as Matthew Adams' properties, a 2015 First Department case and United Capital Funding Corp., a 2012 Second Circuit case, we submit that my client's conduct and words were sufficient to dismiss the account stated counterclaim. But on top of that, the defendants engaged in quite unseemly behavior that clearly shows they knew that my client did not intend to pay the invoice. And in particular, on a March 23, 2016 phone call, they complained to Mr. Ray's current attorney. And further, they threatened that if Ray continued to refuse to pay up, defendant Balistrieri would, quote, retaliate by enlisting his opponent's attorney to submit a modified sanctions order that would shift the predominance of culpability for sanctions on to Ray, not the defendants. And defendant Balistrieri's threat is both shocking and unethical.  Wait, I'm sorry. I'm just, I'm confused because I think we need to show Preventing, oh, sorry. There's sufficient evidence, right? And so why is saying he hung up on the calls, he never expressly objected to them because he didn't talk, why isn't that sufficient evidence? Well, I think because we have additional evidence from a March 23, 2016 call where defendant Balistrieri complained that he was, that my client was not paying the outstanding invoice. And then further threatened. But we can only upset a jury verdict if there's a complete absence of evidence, right? Right. And so your client has not disputed that he wouldn't talk about it and he just hung up.  I wouldn't say he didn't, he, when he said I don't want to talk to you about the invoices, he was saying essentially I'm not paying and he hung up. And he said if you persist about talking about the invoices, I'm going to hang up. And that's what happened. He then hung up. So I'm arguing and based on case law such as Matthew Adams, because we moved for summary judgment on this issue, it was denied, but based on case law such as Matthew Adams properties, the 2015 First Department case and United Capital Funding, the 2012 Second Circuit case, such conduct, such words means that we're sufficient to dismiss the account state account claim. Thank you. Appreciate the argument. Thank you. We'll reserve the decision on this matter.